IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUSTIN LEVI ESPINOZA,

    Plaintiff,

v.                                          No. CIV 15-0211 KG/KBM

GERMAN FRANCO, WARDEN,
ANDY CARILLO, CHAPLAIN,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. Also before the Court are three motions (Docs. 10, 11, 12) filed by Plaintiff. For reasons set out below, certain of Plaintiff's claims will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally

construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff alleges that Defendants have denied him the right to practice his religion. Specifically, he alleges that Defendant Carillo has failed to offer services for him to attend or provide certain religious items, literature, or counseling. The complaint claims that these actions have violated Plaintiff's rights under the First Amendment and the Religious Land Use and Incarcerated Persons Act. Plaintiff seeks equitable relief and damages.

The complaint's only allegation regarding Defendant Franco is that, as warden, he is responsible for ensuring that employees at the prison follow applicable laws. This allegation fails to affirmatively link Defendant Franco to the asserted violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a defendant in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *See id.* The Court will dismiss Plaintiff's claims against Defendant Franco.

Plaintiff also filed a letter-motion to extend time for payment (Doc. 10). He has made the payment, and the motion is moot. The Court reminds Plaintiff that he is required to make monthly payments towards the filing fee, as funds are available. Plaintiff's letter-motion to amend the complaint (Doc. 11) seeks to add a Defendant but makes no allegations against this person. The motion will be denied. Plaintiff also asks (Doc. 12) that Defendant Carillo's name be corrected on the docket to Andres Carrillo. This relief will be granted.

IT IS THEREFORE ORDERED that Plaintiff's letter-motion to extend time for payment (Doc. 10) is DENIED as moot; Plaintiff's letter-motion to amend the complaint (Doc. 11) is

DENIED; and Plaintiff's request (Doc. 12) that Defendant Carillo's name on the docket be corrected to Andres Carrillo is GRANTED, and the Clerk is directed to correct the docket accordingly;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Franco are DISMISSED, and the Clerk is directed to issue notice and waiver of service forms, with a copy of this Order, for Defendant Carrillo.

_____
UNITED STATES DISTRICT JUDGE