IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUSTIN ESPINOZA,

        Plaintiff,

v.                                                           CIV 15-0211 KG/KBM

ANDRES CARRILLO,

        Defendant.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

        THIS MATTER comes before the Court on Defendant's *Martinez* Report *(Doc. 21)*, filed January 15, 2016. In my Order requiring the filing of the *Martinez* Report, I informed the parties that the Report "may be used in deciding whether to grant summary judgment on Plaintiff's claims, whether by motion or <u>sua sponte</u>" and directed that "the parties should submit whatever materials they consider[ed] relevant to Plaintiff's claims." *Doc. 20* at 3. Plaintiff was to file his response to the *Martinez* Report by February 16, 2016, but none has been filed. Defendant thus filed a Notice of Completion of briefing on March 2, 2016 *(Doc. 22)*, and the matter is now ready for ruling.

        District Judge Kenneth J. Gonzales referred this matter to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." *Doc. 3*. The parties will be given an opportunity to file objections to this Proposed Findings and Recommended Disposition ("PF&RD") as described on the last page of this PF&RD.

## I.  Background

The following facts are supported by competent, admissible evidence and are undisputed by virtue of Plaintiff's failure to file a response to the *Martinez* Report and the exhibits accompanying it.

Plaintiff is a follower of the Asatru religion[2] and, during the period relevant to his claims, was incarcerated at the Penitentiary of New Mexico ("PNM"), a Corrections Department ("NMCD") facility in Santa Fe. He alleges that although Asatru is a religion recognized by NMCD, Defendant Chaplain Carrillo violated his right to the free exercise of religion under the First Amendment and the Religious Land Use and Institutionalized Persons Act.[3] More specifically, the Chaplain is alleged to have failed to provide Plaintiff and his "kindred" such things as new, unused religious items, literature, and counseling regarding the Asatru faith. This action cannot be maintained, however, because Plaintiff has failed to exhaust his administrative remedies. Thus, the Court finds further elaboration on the alleged violations unnecessary.

## II.  Legal Standards

Summary judgment will be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Only disputes over facts that might affect the outcome of the

---

[2]  Asatru, also known as Odinism, is based on Norse mythology. *See Warner v. Patterson*, 534 F. App'x 785, 786 (10th Cir. 2013).

[3]  This Act ("RLUIPA") provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability" unless the government demonstrates that the burden is "in furtherance of a compelling governmental interest." 42 U.S.C. § 2000cc-1(a). In order to proceed with a RLUIPA claim, a plaintiff must establish that "he wishes to engage in (1) a religious exercise (2) motivated by a sincerely held belief, which exercise (3) is subject to a substantial burden imposed by the government." *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1312 (10th Cir. 2010).

suit under the applicable law will preclude summary judgment. *See Taylor v. Roswell Indep. Sch. Dist.*, 713 F.3d 25, 34 (10th Cir. 2013).

Under 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA,"), a prison inmate must complete the prison's administrative process before filing suit regarding prison conditions. *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). An inmate must fully exhaust the grievance process by "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). If an inmate does not exhaust his administrative remedies, the court has no choice but to dismiss his claims. *See Yousef v. Reno*, 254 F.3d 1214, 1221 (10th Cir. 2001). In other words, a court has no discretion to dispense with prison grievance procedures. *Booth v. Churner*, 532 U.S. at 738-41. An inmate must do more than initiate the administrative grievance process; he must also complete it prior to filing suit. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). The PLRA's exhaustion requirement applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 525 (2002).

In actions governed by the PLRA, a plaintiff need not allege exhaustion of remedies. *Jones v. Bock*, 549 U.S. 199 (2007). Rather, exhaustion of remedies is an affirmative defense that must be raised by the defendant who also bears the burden of proof on the defense. *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007). The defendant must prove that: (1) administrative remedies were available to the plaintiff, and (2) the plaintiff failed to exhaust those remedies. *Purkey v. CCA Det. Ctr.*, 263 F.

App'x. 723, 726 (10th Cir. 2008). If the defendant meets this burden, the burden shifts to the plaintiff to demonstrate the existence of a disputed material fact. *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997).

## III.  Analysis

Defendant Carrillo raises several grounds for dismissal of Plaintiff's claims against him. Because the Court agrees with the chaplain that Plaintiff failed to exhaust his administrative remedies, the Court need not address the merits of other arguments for summary judgment and dismissal of Plaintiff's claims.

Because Plaintiff was incarcerated at the filing of the Complaint in this case and his claims arise out of prison life, the exhaustion requirements of the PLRA apply. Defendant has submitted the applicable Inmate Grievance procedure in effect at PNM during the time of the alleged violations of Plaintiff's rights. *Martinez* Report at *Exh. A*. That available procedure allowed Plaintiff to file an administrative grievance concerning application of policies and procedures, individual employee actions, or "any other matter relating to conditions of care or supervision." *Id.* at 8, 35, 61-62. The grievance process is exhausted upon resolution below, or upon appeal of a Warden's decision to the Secretary of NMCD (or his designee). *Id.* at 4, 31, 58. Exhaustion requires the use of "all steps that the agency holds out," so that the agency has the ability in the first instance to address the matter. *Woodford*, 548 U.S. at 91.

Here, the undisputed facts establish that Plaintiff totally failed to invoke the grievance procedures that were in place. Although Plaintiff's Complaint recites that he made "inmate requests" and "informal complaints" about alleged obstacles to practicing his religion, the record is devoid of ***any*** complaints filed pursuant to the institution's

-4-

established grievance procedure. *Exh. C* (Affidavit of Grievance Appeals Coordinator Larry Phillips). Perhaps this is because, as shown in Defendant Carrillo's affidavit, the chaplain was responsive to Plaintiff's religious requests to the extent possible and did his best to accommodate them. *See Exh. D.*

The Court further notes that there is no futility exception to the PLRA's exhaustion requirement. *See Booth*, 532 U.S. at 741 n.6. Indeed, "exhaustion is required even when the administrative process does not afford the type of relief sought by the prisoner." *Burnett v. Jones*, 437 F. App'x 736, 742 (10th Cir. 2001). Simply put, Defendant Carrillo has carried his burden for summary judgment by establishing that Plaintiff failed to exhaust his administrative remedies prior to filing suit in this Court. Accordingly, Plaintiff's claims must be dismissed without prejudice pursuant to § 1997e(a). *See Wilson v. Benzona*, 485 F. App'x 976, 978 (10th Cir. 2012).

Wherefore,

**IT IS HEREBY RECOMMENDED** that the presiding judge dismiss this action without prejudice for failure to exhaust.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.   If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE